# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM K. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11CV3 DDN |
| | ) | |
| NURSE STEPHANIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court are various filings from plaintiff, including an amended complaint, as well as more than ten letters to the Court, relating to additional claims plaintiff is attempting to bring against defendants. Given the complexity in attempting to cull various allegations from more than ten different documents, the Court will require plaintiff to file an amended complaint on a Court form in accordance with the instructions set forth below. Plaintiff's failure to file an amended complaint in accordance with this Court's instructions will result in a dismissal of this lawsuit, without prejudice.

### **Procedural Background**

On January 18, 2011, the Court received a letter from plaintiff, an inmate at Audrain County Jail, wherein he was complaining the persons within the Audrain County's Sheriff's Office were acting with deliberate indifference to his serious

medical needs.  On January 24, 2011, the Court ordered plaintiff to file an amended complaint, on a court-form, if he, indeed, intended to pursue an action under 42 U.S.C. § 1983.  On February 4, 2011, plaintiff filed an amended complaint, pursuant to 42 U.S.C. § 1983, against the following defendants employed by the Audrain County Sheriff's Office: Nurse Stephanie; Dr. Rakstraw; Officer Johnson; Officer Grindstaff; and Sergeant Cody.  In sum, plaintiff alleged that defendants had been deliberately indifferent to an unnamed medical illness at some unspecified time.

From February 8, 2011 until March 15, 2011, plaintiff filed twelve additional documents relating to what appear to be new allegations against defendants, including such claims as racial harassment, excessive force, verbal harassment and retaliation.  In the myriad of documents plaintiff has filed in this Court, he has included several recitations of long and rambling claims against persons not named in his original complaint relating to events not previously described to the Court.  In short, it appears as though plaintiff is attempting to amend his complaint by interlineation, or requesting that the Court add additional claims, and perhaps defendants, to this action without providing the Court with a pleading which includes all claims he wishes to pursue in this action.  The Court will not allow plaintiff to do so.

**Discussion**

Although the Court will allow plaintiff leave to amend his complaint, it will not accept plaintiff's attempts to amend by interlineation.  **All** claims in an action must be included in **one**, centralized complaint form, as neither the Court nor defendants wish to search through supplemental pleadings in order to piece together plaintiff's claims.

Accordingly, the Court will order plaintiff to file an amended pleading in this action.  Plaintiff must, however, follow the Court's instructions relating to the filing of his amended complaint, or he will face dismissal of his action, without prejudice.

Plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks."  Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." And Rule 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

Plaintiff must clearly state the defendants which he is pursuing allegations against, and he must articulate, <u>for each of those defendants</u>, the factual circumstances surrounding their alleged wrongful conduct.  Plaintiff's failure to make specific and actionable allegations against any of the defendants will result in their dismissal from this case.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint **<u>completely replaces</u>** the original complaint (and all supplemental filings containing allegations), and claims that are not re-alleged are deemed abandoned. <u>E.g.</u>, <u>In re Wireless Telephone Federal Cost Recovery Fees Litigation</u>, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.  A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty days from the date of this Order.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Order, a blank complaint form for the filing of a prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, it will be subject to review under 28 U.S.C. § 1915.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 31, 2011.